**COMMONWEALTH of Pennsylvania,**

v.

**Joseph SLOMNICKI, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 22, 2000.
Decided April 24, 2001.
Reconsideration Denied June 27, 2001.

Joseph Slomnicki, appellant, pro se.

Craig M. Straw, Pittsburgh, for appellee.

Before McGINLEY, Judge, FRIEDMAN, Judge, and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Joseph Slomnicki (Slomnicki) appeals *pro se* from an order of the Court of Common Pleas of Allegheny County dismissing his appeal and entering judgment based on the judgment entered by the district justice in the summary proceeding. We affirm.

The record reveals the following relevant facts. The district justice imposed fines and costs in the amount of $35,716.50 upon Slomnicki after finding him guilty of fifteen separate counts of violating the City of Pittsburgh Building Code and Refuse Ordinances and the Rules and Regu-

1. There is no need to address the variance issue in light of this outcome.

lations of the Allegheny County Health Department. Slomnicki failed to either timely appeal his convictions or pay the fines and costs imposed by the district justice.

The City then commenced a proceeding to collect the fines and costs. The collection proceeding was subsequently stayed when Slomnicki filed for bankruptcy and was later reinstated after the district justice received notice of the bankruptcy discharge on July 14, 1999. The district justice thereafter gave Slomnicki a ten-day notice pursuant to Rule 85(B) of the Pennsylvania Rules of Criminal Procedure, Pa. R.Crim.P. 85(B), advising him that he should pay the fines and costs or appear on September 20, 1999 for a hearing.[1]

Slomnicki failed to appear at the September 20, 1999 hearing and was arrested pursuant to a warrant issued by the district justice. After he was arraigned, Slomnicki posted a $5000 property bond. The district justice then scheduled a hearing for January 10, 2000 pursuant to Pa. R.Crim.P. 85(C) to determine whether Slomnicki was financially able to pay the imposed fines and costs.

At the conclusion of the hearing held on January 10, 2000, at which Slomnicki appeared with his attorney, the district justice determined that Slomnicki was financially able to pay the fines and costs and sentenced him to serve ninety-day impris-

onment for each of the fifteen convictions, totaling 1350 days, for his failure to pay the fines and costs. The district justice advised Slomnicki of his right to appeal the sentence, directed him to either file a timely appeal or appear on February 14, 2000 for execution of the sentence, and set collateral in the amount of $35,716.50, the total fines and costs in default. The district justice thereafter accepted the escrow fund account check of Slomnicki's counsel in the amount of $35,716.50 as the collateral.

Slomnicki subsequently did not timely appeal the sentence imposed by the district justice. Instead, he appeared with his attorney at the February 14, 2000 hearing scheduled for the execution of the sentence and filed a motion to apply the previously paid collateral to full payment of the fines and costs. The district justice granted Slomnicki's motion and vacated the imprisonment sentence imposed at the January 10, 2000 hearing.

■ On March 13, 2000, Slomnicki *pro se* filed a summary appeal with the trial court. The trial court then scheduled a *de novo* hearing for May 9, 2000. When Slomnicki failed to appear at the May 9, 2000 hearing, the trial court dismissed his appeal and entered judgment on the judgment of the district justice. Slomnicki's

---

1. Pa.R.Crim.P. 85 provides in relevant part:

(B) If a defendant defaults on the payment of fines and costs, or restitution, as ordered, the issuing authority shall notify the defendant in person or by first class mail that, unless within 10 days of the date of the default notice, the defendant pays the amount due as ordered, or appears before the issuing authority to show cause why the defendant should not be imprisoned for nonpayment as provided by law, a warrant for the defendant's arrest may be issued.

(C) If the defendant appears pursuant to the 10 day notice in paragraph (B) or follow-

ing an arrest for failing to respond to the 10 day notice in paragraph (B), the issuing authority shall conduct a hearing to determine whether the defendant is financially able to pay as ordered.

(1) Upon a determination that the defendant is financially able to pay as ordered, the issuing authority may impose any sanction provided by law.

Rule 85 has been renumbered as Rule 456 by the amendment adopted on March 1, 2000 to be effective April 1, 2001.

*pro se* appeal to this Court followed.[2]

■ On appeal, Slomnicki challenges the summary proceeding held before the district justice. Slomnicki contends that the district justice failed to stay the collection proceeding during the pendency of the bankruptcy proceeding, did not have probable cause to issue the arrest warrant, did not give him notice of his convictions, and imposed the incorrect amount of the fines and costs.

These contentions, however, should have been raised before the trial court in a timely filed appeal. Pa.R.Crim.P. 86(A) provides:

When an appeal is authorized by law in a summary proceeding, including an appeal following a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial *de novo*. The notice of appeal shall be filed with the clerk of courts.

■ To perfect an appeal under Pa. R.Crim.P. 86(A), a defendant must not only file timely notice of appeal but also appear for a trial *de novo*. *Commonwealth v. Lowe,* 698 A.2d 607 (Pa.Super.1997), *appeal denied,* 550 Pa. 690, 704 A.2d 1381 (1997). In this matter, Slomnicki failed to timely appeal his underlying convictions, the district justice's determination of his financial ability to pay the fines and costs, and the sentence imposed by the district justice. At the February 14, 2000 hearing held after expiration of the thirty-day appeal period, the district justice granted Slomnicki's motion and accepted his collateral as the full payment of the fines and costs.

Further, Slomnicki failed to appear at the May 9, 2000 *de novo* hearing scheduled before the trial court without any excuse. Pa.R.Crim.P. 1117(c) provides:

In a summary case appealed for a trial de novo, if the defendant fails to appear as required by Rule 86, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Rule 1117(c) was added in 1994 "to make it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Comment to Pa.R.Crim.P. 1117(c). Because Slomnicki failed to appear at the *de novo* hearing without providing any excuse for his absence, the trial court was authorized under Pa.R.Crim.P. 1117(c) to dismiss his appeal and enter judgment on the judgment of the district justice.

Having failed to timely appeal the district justice's determinations or appear at the *de novo* hearing, the contentions raised by Slomnicki may not be reviewed in this appeal. Moreover, our review of the record indicates that the summary proceeding held before the district justice was in compliance with the applicable provisions of the Pennsylvania Rules of Criminal Procedure.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 24th day of April, 2001, the order of the Court of Common Pleas of

---

**2.** This Court's scope of review is limited to determining whether there has been an error of law, or whether the findings of the trial court are supported by competent evidence. *Commonwealth v. A.D.B.,* 752 A.2d 438 (Pa. Cmwlth.2000).

Allegheny County in the above-captioned matter is affirmed.