IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   : No. 2490 C.D. 2015
       v.    : Submitted: April 29, 2016
   :
Phillip Vandenbroek,    :
   :
          Appellant    :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                    FILED: June 6, 2016

Phillip Vandenbroek appeals *pro se* the order of the Allegheny County Court of Common Pleas (trial court) dismissing his summary appeal and entering judgment pursuant to Pa. R.Crim. P. 462(D)[1] due to his violation of Ingram Borough Ordinance 2010-2, International Property Maintenance Code Section 302.3, for failing to maintain his sidewalk in a proper state of repair and free from hazardous conditions. We affirm.

On September 19, 2014, Vandenbroek was cited for the ordinance violation. A trial on the citation was scheduled before Magisterial District Judge Dennis Joyce on May 27, 2015. The District Judge adjudged Vandenbroek guilty

---

[1] Pa. R.Crim. P. 462(D) states that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the [trial court] on the judgment of the issuing authority."

and imposed judgment in the amount of $300.00 plus costs after Vandenbroek failed to appear for trial.[2]

On June 25, 2015, Vandenbroek filed a summary appeal of his conviction in the trial court[3] and a trial *de novo* was scheduled before the trial court on November 24, 2015. As outlined above, the trial court dismissed his summary appeal and entered judgment based on the judgment of the issuing authority pursuant to Pa. R.Crim. P. 462(D) because Vandenbroek failed to appear without excuse. Vandenbroek then filed the instant appeal to this Court.[4]

In this appeal, Vandenbroek argues that: he is a sovereign who is not subject to the Borough Ordinance, but only the common law, and no crime has been committed under the common law; the trial court erred by dismissing his summary appeal because this is a case in equity, not a criminal matter, and his personal appearance was not required; all of the necessary facts were submitted to

---

[2] *See* Pa. R.Crim. P. 455(A) ("If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.").

[3] *See* Pa. R.Crim. P. 460(A) ("When an appeal is authorized by law in a summary proceeding . . . an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of . . . the conviction . . . ."); Pa. R.Crim. P. 460(E) ("This rule shall provide the exclusive means of appealing from a summary . . . conviction."); Pa. R.Crim. P. 462(A) ("When a defendant appeals after . . . a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the [trial court] sitting without a jury.").

[4] This Court's review of an appeal from a summary conviction is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by competent evidence. *Commonwealth v. Slomnicki*, 773 A.2d 216, 218 n.2 (Pa. Cmwlth. 2001).

the trial court as "stipulated evidence"[5] by certified mail demonstrating that there is an "adjudicated agreement" between the parties; and the Borough is in breach of contract and he is awaiting a hearing and affirmative relief therefor.

Contrary to Vandenbroek's assertion, the instant matter is not an equity action but, rather, a summary appeal from the judgment of the issuing authority on his violation of the Borough Ordinance because the initiating document that he filed in the trial court in this matter is styled as a "Notice of Appeal from Summary Conviction." *See* Pa. R.Crim. P. 460(E) ("This rule shall provide the exclusive means of appealing from a summary . . . conviction.").[6] In order "[t]o perfect an appeal under Pa. R.Crim. P. [460], a defendant must not only file timely notice of appeal but also appear for a trial *de novo*. *Commonwealth v. Lowe*, 698 A.2d 607 (Pa. Super.), *appeal denied*, [704 A.2d 1381 (Pa. 1997)]." *Slomnicki*, 773 A.2d at 218. As a result, Vandenbroek has waived all of his allegations of error by failing to appear before the trial court, properly perfect his appeal, and properly offer evidence in support of his claims. Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first

---

[5] *See* Pa. R.C.P. No. 1038.1 ("A case may be submitted on stipulated facts for decision by a judge without a jury."). In this regard, Vandenbroek relies upon a number of documents that were filed in the trial court, but were not introduced into evidence at the trial *de novo* because he failed to appear and perfect his appeal. As a result, as outlined below, these documents are not competent evidence upon which the trial court or this Court may rely.

[6] *See also* Pa. R.C.P. No. 1007 ("An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint."); *Chichester School District v. Chichester Education Association*, 750 A.2d 400, 403 (Pa. Cmwlth.), *appeal denied*, 795 A.2d 980 (Pa. 2000) (holding that a school district's petition to set aside collective bargaining agreements with an education association and an administrators' association was not the procedurally proper way in which to initiate an equity action; rather, the district should have filed a praecipe for a writ of summons or a complaint).

3

time on appeal."); *Green v. Green*, 69 A.3d 282, 287 n.6 (Pa. Super. 2013) ("While any document, including a 'trial aid' or pretrial statement, filed in the [trial court] becomes part of the record, this mere fact of filing does not and cannot automatically transform such a document into competent evidence upon which the trial court may base its ruling unless and until that document is properly introduced and admitted."); *Denver Nursing Home v. Department of Public Welfare*, 552 A.2d 1160, 1163 (Pa. Cmwlth. 1989) ("This Court recognizes that it is a fundamental evidentiary requirement that a document must be formally introduced and admitted into the record before the document may be considered and form the basis of an adjudication.").[7]

Accordingly, the trial court's order is affirmed.

---

[7] *See also Commonwealth v. Akinsanmi*, 55 A.3d 539, 540 (Pa. Super. 2012) ("When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | No. 2490 C.D. 2015 |
| v. | : | |
| | : | |
| Phillip Vandenbroek, | : | |
| | : | |
| Appellant | : | |

**PER CURIAM**

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>June</u>, 2016, the order of the Allegheny County Court of Common Pleas dated November 24, 2015, at No. SA 1342 of 2015 is AFFIRMED.