IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                       :
            v.                         :    No. 1653 C.D. 2015
                                       :    Submitted: April 29, 2016
Charles Shoaf and Evelyn Shoaf,        :
                      Appellants       :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                       FILED: July 29, 2016

          This case involves a self-represented appellant presenting medical and behavioral challenges. The case returns to us following our remand to the Court of Common Pleas of Allegheny County (trial court). See Commonwealth v. Shoaf (Pa. Cmwlth., No. 868 C.D. 2014, filed February 20, 2015), 2015 WL 5162134 (unreported) (Shoaf I). In Shoaf I, we returned this matter to the trial court for a determination of whether Evelyn Shoaf[1] (Shoaf) had good cause for her failure to appear at a hearing on her appeal of a conviction of a summary offense. Because the trial court did not make the necessary factual determination of whether Shoaf was absent without cause prior to dismissing her appeal and entering judgment against her, we are again constrained to vacate and remand.

          In Shoaf I, we set forth the following background to this matter. In October 2013, a magisterial district judge found Shoaf guilty of violating the

---

[1] Charles Shoaf is deceased.

Borough of Dravosburg's (Borough) property maintenance ordinance (ordinance) relating to unsafe structures and imposed a fine of $8,000 plus costs. Shoaf appealed to the trial court.

After an apparent postponement, the trial court convened a hearing on April 22, 2014. At the outset of the hearing, the clerk stated Shoaf's son contacted the trial court and indicated Shoaf was hospitalized and, therefore, sought a postponement. Counsel for the Commonwealth responded:

> Your Honor, this case was scheduled for March 25th. The same thing happened, everybody showed up for [the Borough]. I was here, the building inspector was here and your office got a phone call the mother was in the hospital. The hearing was rescheduled for today by your order and no further postponements. We don't have any verification. We need documentation. If they wanted a postponement they have got to notify the parties in advance.

Certified Record (C.R.), Item #4, Summary Appeal Hearing, Notes of Testimony (N.T.), 4/22/14, at 1.

In response, the trial court inquired about the "high fine." Id. Counsel for the Commonwealth informed the trial court that the fine was imposed because of a dilapidated structure. He offered to show the trial court photographs depicting the condition of the structure; however, the photographs were not admitted into evidence. Counsel for the Commonwealth also stated the magisterial district judge fined Shoaf $1,000 per day for the violation. Counsel for the Commonwealth then notified the trial court that Shoaf did not perform any repairs on the property. He also stated, "[e]very time there is a hearing scheduled they call

2

and say they can't make it. Like I said, your last order said no further postponements." N.T. at 2. In response, the trial court dismissed Shoaf's appeal.

The trial court then issued a "form" order in which it checked a box that stated: "DEFENDANT FAILED TO APPEAR. APPEAL IS DISMISSED AND JUDGMENT IS ENTERED ON THE JUDGMENT OF THE ISSUING AUTHORITY PURSUANT TO PA. RULES OF CRIMINAL PROCEDURE 462 (D)." C.R., Item #2. Shoaf appealed to this Court, and the trial court issued a very brief opinion, which stated, in its entirety:

> This is a *de novo* Summary Appeal by Defendants, Charles and Evelyn Shoaf, from a Code Violation of the [Borough]: LO 108 - unsafe structure and equipment. Defendant was cited on August 28, 2012, and was found guilty on October 16, 2013.
>
> The Summary Appeal hearing was conducted on April 22, 2014, at which time Defendants failed to appear. In their absence, judgment was entered on the judgment of the issuing authority, pursuant to Pa. Rules of Criminal Procedure 462[(D)].
>
> Defendant was fined $8,000.00, plus all applicable costs. Accordingly, the appeal was dismissed.

Tr. Ct. Slip Op., 5/29/14, at 1.

Before this Court, Shoaf challenged the trial court's decision to hold the April 22, 2014 hearing in her absence where her son contacted the trial court and explained she was hospitalized. Shoaf asserted she was in UPMC McKeesport Hospital on the date of the hearing and, therefore, she was unable to attend.

3

Responding to this assertion, we explained, Pennsylvania Rule of Criminal Procedure 462 governs trials *de novo* on appeal of a conviction of a summary offense. That Rule states, in pertinent part:

**Rule 462. Trial *De Novo***

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

* * * *

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462. The Comments to the Rule explain: "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal <u>when the judge determines that the defendant is absent without cause from the trial *de novo*</u>." Pa.R.Crim.P. 462, cmt. (emphasis added).

"Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for her absence." <u>Commonwealth v. Dixon</u>, 66 A.3d 794, 796 (Pa. Super. 2013) (citation omitted).[2] Failure to do so constitutes reversible error.

---

[2] As this Court noted in <u>Commonwealth v. Mesler</u>, 732 A.2d 21 (Pa. Cmwlth. 1999), the Rules of Criminal Procedure are "intended to provide for the just determination of every criminal proceeding" and "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Pa.R.Crim.P. 101(A), (B).

Commonwealth v. Mesler, 732 A.2d 21 (Pa. Cmwlth. 1999). Further, in the event good cause is established, the defendant is entitled to a new summary trial. Dixon.

> In Dixon, the Superior Court observed:
>
> > The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance.

Id. at 796-97.

In Shoaf I, the hearing transcript confirmed Shoaf's assertion that her son contacted the trial court prior to the start of the hearing to inform the court that Shoaf was in the hospital. N.T. at 1. Counsel for the Commonwealth responded that, at a prior scheduled hearing, the same issue arose, and the trial court issued an order rescheduling the hearing and indicating there would be no further postponements. Id. Despite these statements, the trial court made no further inquiry or statement regarding whether Shoaf had cause for failing to attend the hearing. N.T. at 1-2. Rather, the trial court dismissed Shoaf's appeal. N.T. at 2; C.R., Item #2. Additionally, in its brief opinion, the trial court made no mention

5

of whether it determined Shoaf was absent without cause as contemplated by Pa.R.Crim.P. 462(D).

In the absence of any such determination, this Court remanded for a hearing to determine whether Shoaf had cause for her failure to appear at the April 22, 2014 hearing. We further stated, if the trial court determined Shoaf had cause for failing to appear, it had to provide Shoaf with a trial *de novo* on the merits. Shoaf I.

On remand, the trial court scheduled a hearing for April 21, 2015. Shoaf moved for a postponement, and she included a letter of April 14, 2015 from her physician indicating she was under his care for issues of congestive heart failure, hypertension and depression/anxiety. The physician's letter stated that, of ongoing concern for Shoaf and her family was the hearing scheduled for April 21, 2015. The letter indicated that Shoaf felt she was unable to attend the hearing in person, and adding to her overwhelming anxiety was the fact that she was unable to represent herself. The letter stated Shoaf may benefit from a court-appointed attorney or someone else who could assist her. The trial court granted the requested postponement and rescheduled the hearing for May 19, 2015. The trial court's postponement order noted Shoaf was required to present documentary evidence that she was in UPMC McKeesport at the time of the April 22, 2014 hearing as stated by this Court in Shoaf I. C.R., Com. Ex. 7.

In response, Shoaf sent the trial judge a letter indicating she was, in fact, at UPMC McKeesport on April 22, 2014, and she attached an emergency

6

room hospital record in support. Shoaf also included a physician's letter, indicating that Shoaf suffers generalized anxiety and depression, she was prescribed medication for these conditions and she would be referred to a psychiatrist. As a result, Shoaf stated she was unable to attend the rescheduled May 19, 2015 hearing.

> On May 20, 2015, the trial judge wrote Shoaf a letter, stating:
>
> > The above captioned case was currently scheduled for Tuesday, May 19, 2015, in Room 821 City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania, at 8:30 a.m. You failed to appear on this trial date.
> >
> > This Court received your most recent correspondence, requesting another postponement on Monday, May 18, 2015. The Borough Solicitor was faxed a copy of your said correspondence, on the same date, by this office.
> >
> > The above case has now been given an additional ninety (90) day postponement and has been rescheduled for **Tuesday, August 18, 2015** in Room 821 City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania, at 8:30 a.m. A copy of the final postponement is enclosed.
> >
> > Please be advised that if you or an attorney who represents you, are **NOT** present in Court on Tuesday, August 18, 2015, then a verdict will be rendered against you, in the amount of $8,000.00. This Court will **NOT** entertain any further continuances or delays.
> >
> > Thanking you in advance for your cooperation in this matter.

C.R., Letter of Senior Judge Robert C. Gallo, dated May 20, 2015 (emphasis in original).

The day before the rescheduled August 18, 2015 hearing, Shoaf sent the trial judge a letter that stated she suffers from agoraphobia and she was unable to attend the hearing. Shoaf also stated she could not afford an attorney. Additionally, Shoaf enclosed a letter from her psychiatrist, which stated Shoaf was undergoing treatment for agoraphobia, and she would begin individual therapy to address her anxiety and panic problems. The letter further stated that any travel beyond 10 minutes from Shoaf's home would adversely affect her ability to present her case at that time based on the intensity of her symptoms, and any reasonable accommodations would be appreciated.

The trial court convened the hearing on August 18, 2015. Shoaf did not appear. The trial court indicated its receipt of Shoaf's letters. Counsel for the Commonwealth appeared and objected to the letters, but the trial court did not rule on the objection. Instead, the trial court showed the letters it received from Shoaf and her physicians to counsel for the Commonwealth. Counsel for the Commonwealth also presented recent photographs of the condition of the dilapidated garage on Shoaf's property.

Ultimately, the trial court upheld the $8,000 fine plus costs, and it issued a "form" order to that effect the same day. In the order a checked box stated: "DEFENDANT FAILED TO APPEAR. APPEAL IS DISMISSED AND JUDGMENT IS ENTERED ON THE JUDGMENT OF THE ISSUING AUTHORITY PURSUANT TO PA. RULES OF CRIMINAL PROCEDURE 462 (D)." C.R., Item #10.

Shoaf again appealed to this Court, and the trial court issued a brief opinion in support of its order in which it stated:

> This is a *de novo* Summary Appeal by Defendants, Charles M. Shoaf, deceased, and Evelyn Shoaf, from a code violation of the [Borough]: LO 108 - unsafe structure. Defendants were cited on August 28, 2012, and were found guilty on October 16, 2013.
>
> The Summary Appeal Remand Hearing was conducted on August 18, 2015, at which time the Defendants failed to appear. In their absence, judgment was entered on the judgment of the issuing authority, pursuant to Pa. Rules of Criminal Procedure 462[(D)].
>
> Defendants were imposed a fine of $8,000.00, plus all applicable costs. Accordingly, the appeal was dismissed.

Tr. Ct., Slip Op., 11/4/15. This matter is now before us for disposition.[3]

---

[3] After filing her appeal to this Court, Shoaf requested a postponement of a purported November 2015 filing on the ground she suffered a stroke and was unable to prepare filings. She also attached a letter from her physician. In response, this Court issued an order dismissing Shoaf's postponement request as moot as no filing was due in November 2015. This Court further stated, because it appeared Appellant Charles A. Shoaf was deceased and Appellant Evelyn Shoaf appeared medically unable to participate, the parties had to notify the Court of their availability for a telephone status conference. We further stated Charles A. Shoaf, son of Charles and Evelyn Shoaf (Son), could participate in the status conference on behalf of his mother. We also stayed the briefing schedule.

In December 2015, Evelyn Shoaf submitted a letter from a different physician indicating she was under the physician's care. The letter confirmed Shoaf was debilitated and required 24 hour care in a skilled nursing facility. The letter also stated Shoaf was recovering from a recent hospitalization for an obstructing kidney stone resulting in septic shock and complicated by hemorrhagic stroke, renal failure requiring temporary dialysis and significant, ongoing confusion. The letter stated Shoaf was unable to leave the facility for any extended period.

In response, Counsel for the Commonwealth submitted a letter indicating his availability for a status conference.

Shortly thereafter, this Court issued an order stating, based on the parties' status reports, it appeared Evelyn Shoaf was incapacitated and unable to pursue this appeal representing herself. Further, to the extent Son, a non-lawyer, wished to represent his mother, he could not do so as parties do not have the right to be represented by a lay person before the courts. Thus, this Court continued the stay of the briefing schedule, and it directed Shoaf to have a member of the **(Footnote continued on next page…)**

9

On appeal, Shoaf, who is now 82 years old, asserts she provided the trial court with three letters from her physicians for each of the scheduled dates for the remand hearing that explained her ongoing medical conditions and her absence from court on those dates. She argues the trial court dismissed her appeal without regard for her worsening health. Shoaf also points out she provided the trial court with medical records indicating she was at UPMC McKeesport Hospital on April 22, 2014, in response to the trial court's request, but the trial court still dismissed her appeal.[4]

In Shoaf I, we remanded with the following instruction:

> In the absence of any such inquiry or determination [as to whether Shoaf had cause for failing to attend the April 22, 2014 hearing], a remand is necessary for a hearing to determine whether Shoaf had cause for her failure to appear at the scheduled hearing on April 22, 2014. If the trial court determines Shoaf had cause for failing to appear, the trial court must provide Shoaf with a trial *de novo* on the merits. See Commonwealth v. Marizzaldi, 814 A.2d 249, 252 (Pa. Super. 2002) (where common pleas court entered judgment on summary appeal in defendant's absence and neither transcript nor opinion revealed common pleas court made any inquiry as to whether defendant had cause for failing to appear, common

---

**(continued…)**

Pennsylvania Bar enter an appearance on her behalf within 60 days or the appeal would be dismissed. Son subsequently submitted letter indicating Shoaf was released to her home in January 2016.

This Court then issued an order stating it appeared Shoaf was no longer unable to participate in these proceedings. As a result, this Court vacated the stay of the briefing schedule and ordered the parties to file briefs, which they did.

[4] As to the merits, Shoaf asserts she is unable to afford the necessary repairs or the $8,000 fine. She also claims her property was singled out as violative of the ordinance based on a complaint, despite the fact that other nearby structures are in similar condition.

pleas court's dismissal violated 'clear intent' of the Rules of Criminal Procedure and required a remand for a trial *de novo*); see also Commonwealth v. Cicchiello (Pa. Cmwlth., No. 1087 C.D. 2008, filed May 13, 2009), 2009 WL 9096530 (unreported) (remanding for common pleas court to determine if defendant had cause for failing to attend *de novo* hearing on summary appeal, and if cause was established, hearing on the merits of summary appeal).

Based on the foregoing, the order of the trial court is vacated and this matter is remanded for proceedings consistent with the foregoing opinion.

Shoaf I, Slip Op. at 5-6, 2015 WL 5162134 at *3 (footnotes omitted).

Despite our instructions, neither on the record at the remand hearing nor in its order or subsequent opinion did the trial court make a determination as to whether Shoaf had cause for her absence at the April 22, 2014 hearing. The trial court failed to do so even though Shoaf provided the trial court with hospital records that documented an emergency room visit on that date in response to the trial court's request for "documentary evidence." C.R., Com. Ex. 7. While it may be *inferred* that the trial court found Shoaf had cause for her absence at the April 22, 2014 hearing, based on the trial court's postponement of the remand hearing after receipt of records documenting Shoaf's emergency room visit on April 22, 2014, the trial court made no such express determination.

In addition, on remand, after two postponements, the trial judge wrote Shoaf a letter, indicating he would reschedule the hearing for 90 days, until August 18, 2015. He advised Shoaf that this was a final postponement and that if she or an attorney acting on her behalf did not appear on that date, he would render a verdict of $8,000 against her.

11

The day before the August 18, 2015 hearing, Shoaf sent the trial judge a letter indicating that she was under the care of a psychiatrist, and she was unable to attend the hearing or afford an attorney to appear on her behalf. Shoaf also enclosed a July 9, 2015 letter from her psychiatrist, which stated Shoaf was under treatment for agoraphobia, and she would begin individual therapy to address her anxiety and panic conditions. The letter further stated that any travel beyond 10 minutes from Shoaf's home would adversely affect her ability to present her case based on the intensity of her symptoms, and it requested any reasonable accommodations.

On August 18, 2015, the trial court held the remand hearing. Shoaf did not appear. Ultimately, the trial court upheld the fine of $8,000, plus costs, and it issued an order dismissing Shoaf's appeal and entering judgment against her.

However, despite acknowledging receipt of the letters from Shoaf and her physicians, neither on the record at the remand hearing nor in its order or subsequent opinion did the trial court indicate whether Shoaf had cause for her absence from the August 18, 2015 hearing. See C.R., Item #13, Summary Appeal Hearing, N.T., 8/18/15, at 1-7; C.R., Item #10 (Tr. Ct. Order, 8/18/15); C.R., Item #14 (Tr. Ct., Slip Op., 11/4/15). As in Shoaf I, a remand is required for a hearing to determine whether Shoaf had cause for her failure to appear at the hearing on August 18, 2015. If the trial court determines Shoaf had cause for failing to

12

appear, it must provide Shoaf with a trial *de novo* on the merits.[5] Further, in light of the concerns raised in the July 9, 2015 letter from Shoaf's psychiatrist, the trial court may consider alternative means of allowing Shoaf to present her case, and may consider a referral to the Area Agency on Aging.[6]

Reluctantly, for the reasons discussed above, we vacate the order of the trial court and remand the matter for proceedings consistent with this opinion.

ROBERT SIMPSON, Judge

[5] As in Commonwealth v. Shoaf (Pa. Cmwlth., No. 868 C.D. 2014, filed February 20, 2015), 2015 WL 5162134 (unreported) (Shoaf I), the Commonwealth cites Commonwealth v. Slomnicki, 773 A.2d 216 (Pa. Cmwlth. 2001), for the proposition that the trial court had authority to dismiss Shoaf's appeal based on her failure to appear at the *de novo* hearing. However, as the Commonwealth recognizes, in Slomnicki, the defendant failed to appear at the *de novo* hearing "without any excuse." Id. at 218. As we explained in Shoaf I, here, unlike in Slomnicki, Shoaf did, in fact, offer an excuse for her failure to appear at both the original hearing and the remand hearing, and the trial court made no determination as to whether her excuses constituted good cause.

Moreover, while the Commonwealth maintains that the trial court complied with this Court's remand order, for the reasons set forth above, we reject that assertion. Additionally, although the Commonwealth contends Shoaf has no defense to the underlying summary conviction, we cannot make such a determination at this time.

[6] In addition, the trial court may wish to reconsider the contents of its form order.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1653 C.D. 2015 |
| | : | |
| Charles Shoaf and Evelyn Shoaf, | : | |
| Appellants | : | |

# O R D E R

**AND NOW**, this 29th day of July, 2016, the order of the Court of Common Pleas of Allegheny County is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

---

ROBERT SIMPSON, Judge