IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
: No. 17 C.D. 2017
v. : Submitted: June 30, 2017
:
Brian S. Creighan, :
:
Appellant :

OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                                      FILED:  August 3, 2017


Brian S. Creighan appeals *pro se* the judgment of sentence entered in the Allegheny County Court of Common Pleas (trial court), which sentenced Creighan to pay a $1,000.00 fine and the costs of prosecution pursuant to Pa. R.Crim. P. 462(D).[1]  We affirm.

On February 23, 2016, a private criminal complaint was approved by a magisterial district judge (MDJ) and filed by the Code Enforcement Officer for the Borough of West Mifflin (Borough).  The complaint charged Creighan with violating Sections 108.1, 108.1.1, and 108.1.5 of the 2006 International Property Maintenance Code (IPMC), as adopted by Borough Ordinance 1156, with respect

---

[1] Pa. R.Crim. P. 462(D) provides that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."  The Comment to Pa. R.Crim. P. 462(D) states, "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*.  If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority."

to Creighan's property located at 100 South Avenue in the Borough. The complaint alleged that Creighan had failed to secure the property and demolish a structure on the property that is hazardous due to partial collapse and required immediate action to protect the public. Following a continuance, on May 10, 2016, the MDJ adjudged Creighan guilty and imposed a $1,000.00 fine and costs.

On June 8, 2016, Creighan filed a summary appeal of the sentence to the trial court. The trial court conducted its initial *de novo* hearing on August 23, 2016. At that hearing, the Code Enforcement Officer testified that he sent a notice of violation to Creighan on November 18, 2015, regarding the unclean and unsafe condition of the structure on the property and identified photographs depicting the violations that were offered into evidence. N.T. 8/23/16 at 5. The applicable ordinance that the property purportedly violated was also offered into evidence at that time. *Id.*

However, Creighan argued that the Borough had failed to follow the procedure outlined in Chapter 94 of the Borough's Ordinance relating to Unsafe Buildings that purportedly requires civil proceedings, including the posting of notice on a structure and a hearing before Borough Council, prior to the filing of charges against the owner. N.T. 8/23/16 at 8-10, 13. Creighan offered a copy of Chapter 94 into evidence. *Id.* at 13. Ultimately, the matter was continued to November 8, 2016, to give Creighan an opportunity to board up the structure and to stabilize its foundation. *Id.* at 19-20, 22-22.

At the November 8, 2016 hearing, the matter was continued to December 6, 2016, to enable Creighan to file an application with the Borough for a permit to demolish the hazardous structure.[2] However, Creighan did not appear at

---

[2] The November 8, 2016 hearing concluded, in relevant part, as follows:
**(Footnote continued on next page…)**

the December 6, 2016 hearing.[3]  As a result, the trial court dismissed Creighan's statutory appeal and entered judgment on the MDJ's judgment pursuant to Pa. R.Crim. P. 462(D).

---

(continued…)

> THE COURT:  Why don't we do this.  If on the 6[th], if he hasn't come for the permit, have the permit here.  We'll do it right here. Okay?  It will be – because we're going to get this done.
>
> MR. CREIGHAN:  Absolutely.
>
> THE COURT:  Okay.
>
> * * *
>
> THE COURT:  Let's just have it done on the 6[th].  Okay?
>
> MR. CREIGHAN:  Absolutely.  I'll see you then, Your Honor.

N.T. 11/8/16 at 11, 12.

[3] The December 6, 2016 hearing proceeded as follows:

> THE CLERK:  Brian Creighan at SA 1129 of 2016.  On 11/8, we gave him a month to bring the application in.
>
> [BOROUGH SOLICITOR]:  He never filed an application for the permit and he's not here.
>
> THE CLERK:  It's a $1,000 fine plus costs.  The defendant failed to appear and has not called or contacted the Court in any manner this morning.
>
> THE COURT:  All right.  The defendant is guilty for failure to appear.

N.T. 12/6/16 at 2.

3

On appeal,[4] Creighan argues that: (1) the trial court improperly determined that a valid notice of violation was issued by the Borough as required by Sections 107.2 and 107.3 of the IPMC; (2) the trial court erred in dismissing his statutory appeal because there is no evidence supporting a violation under Section 106.3 of the IPMC for his failure to comply with a citation issued under Section 106.2, no notice of violation was issued or served as required by Sections 107.1 and 107.2 of the IPMC, and the Borough did not follow the procedure for condemnation in Sections 108.2 and 108.3 of the IPMC; and (3) his Sixth Amendment[5] rights were violated by his inability to appeal a citation to the Board of Appeals as provided by Section 111.1 of the IPMC.[6]

However, Creighan has waived the foregoing allegations of error relating to the purported violations of the IPMC and the Sixth Amendment by failing to appear before the trial court on December 6, 2016, thereby properly perfecting his appeal,[7] and by failing to offer argument or evidence in support of

---

[4] This Court's review of an appeal from a summary conviction is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by competent evidence. *Commonwealth v. Slomnicki*, 773 A.2d 216, 218 n.2 (Pa. Cmwlth. 2001).

[5] The Sixth Amendment states, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; [and] to have compulsory process for obtaining witnesses in his favor . . . ." U.S. Const. amend. VI.

[6] To the extent that Creighan raises additional claims that are not contained in the Statement of Questions Presented portion of his appellate brief, they have been waived for purposes of appeal. Pa. R.A.P. 2116(a); *Wirth v. Commonwealth*, 95 A.3d 822, 858 (Pa. 2014).

[7] In order "[t]o perfect an appeal under Pa. R.Crim. P. [460], a defendant must not only file timely notice of appeal but also appear for a trial *de novo*. *Commonwealth v. Lowe*, 698 A.2d 607 (Pa. Super.), *appeal denied*, [704 A.2d 1381 (Pa. 1997)]." *Slomnicki*, 773 A.2d at 216. **(Footnote continued on next page…)**

these claims at that hearing or at any of the prior hearings. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Kemp v. Qualls*, 473 A.2d 1369, 1374 (Pa. Super. 1984) ("It is well-established that a party may not successfully advance a new and different theory of relief for the first time on appeal, while failing to assert on appeal other grounds which were submitted for the same purpose in the lower court.") (citation omitted).[8]

Accordingly, the trial court's order is affirmed.[9]

---

**(continued…)**

*See also Commonwealth v. Akinsanmi*, 55 A.3d 539, 540 (Pa. Super. 2012) ("When a defendant does not appear for the summary appeal and does not provide an excuse, dismissal of the appeal is proper.") (citation omitted).

[8] An appellant may be entitled to a new hearing in a summary appeal if his "good cause" for failing to appear at the prior hearing is not part of the record before the trial court, but he has presented an affidavit on appeal which, if believed, presents a *prima facie* demonstration that good cause existed for his absence. *Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa. Super. 2013). Although Creighan's appellate brief provides assertions regarding the circumstances underlying his failure to appear at the December 6, 2016 hearing, these unverified statements in his appellate brief are insufficient to establish such a *prima facie* demonstration. *See Erie Indemnity Co. v. Coal Operators Casualty Co.*, 272 A.2d 465, 466-67 (Pa. 1971) ("Apparently, the court took into consideration facts alleged in the briefs, but briefs are not part of the record, and the court may not consider facts not established by the record.") (footnotes omitted).

[9] This Court may affirm the trial court's order on any basis appearing in the record. *Wright v. Department of Transportation*, 596 A.2d 1241, 1246 (Pa. Cmwlth. 1991), *appeal denied*, 607 A.2d 258 (Pa. 1992).

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                  : No. 17 C.D. 2017
            v.                    :
                                  :
Brian S. Creighan,               :
                                  :
            Appellant             :


**PER CURIAM**

# **O R D E R**


AND NOW, this 3rd day of August, 2017, the order of the Allegheny County Court of Common Pleas dated December 6, 2016, at No. SA 1129 of 2016 is AFFIRMED.